UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **MEMORANDUM AND ORDER** |
| NICHOLAS PAPPAS, | 17-CR-67 (LDH) |
| Defendant. | |

L SHANN D EARCY HALL, United States District Judge:

Defendant Nicholas Pappas, currently incarcerated at Allenwood Low Federal Correctional Institution ("FCI Allenwood"), moves pursuant to 18 U.S.C. § 3582(c)(l)(A)(i) as amended by § 603 of the First Step Act of 2018 (the "First Step Act") for compassionate release.

## BACKGROUND

On August 16, 2017, Defendant pleaded guilty to one count of manufacturing and possessing 100 or more marijuana plants, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(B)(vii). (Aug. 16, 2017 Minute Entry.) On July 18, 2018, the Court sentenced Defendant to 60 months' incarceration followed by 4 years' supervised release. (July 20, 2018 Minute Entry.) Defendant self-surrendered on October 31, 2018. (*See* Judgment, ECF No. 28.) On May 29, 2020, Defendant filed the instant motion, requesting that his custodial sentence be modified to allow for him to be released on home confinement. (*See* Def.'s Mot., ECF No. 33.) The Court heard argument on Defendant's motion on July 1, 2020. (July 1, 2020 Minute Entry and Order.) The Court reserved determination on Defendant's motion and directed Defendant to exhaust his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A)(i), and to supplement his submission to include medical records supporting his motion. (*Id.*) Defendant filed his supplemental submission on August 3, 2020. (*See* Def.'s Suppl. Mot., ECF No. 35.)

1

The Government filed an opposition to Defendant's supplemental submission on August 13, 2020. (*See* Gov't Opp'n Def.'s Suppl. Mot. ("Gov't Opp'n"), ECF No. 37.)

## DISCUSSION

As amended by the First Step Act, the court may not modify a term of imprisonment once it has been imposed except:

> that upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, [the court] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, there are four prerequisites to compassionate release. *First*, the defendant must have exhausted his administrative rights. *Id*. *Second*, the court must find that "extraordinary and compelling" reasons warrant release. *Id*. *Third*, the court must consider the § 3553(a) factors, to the extent applicable. *Id*. *Fourth*, release must be consistent with the Sentencing Commission's applicable policy statements. *Id*.

With respect to the first, second, and fourth prerequisites, there is no dispute. The Government agrees that Defendant has exhausted his administrative remedies; that Defendant's severe obesity, in light of the COVID-19 pandemic, is an extraordinary and compelling reason justifying release; and that because Defendant is not expected to recover from his obesity in the near term, release is consistent with U.S.S.G. § 1B1.13.[1] (*See* Gov't Opp'n Def.'s Suppl. Mot.

---

[1] The Centers for Disease Control and Prevention (the "CDC") lists obesity—defined as having a BMI of 30 or higher—as a condition that places individuals at "increased risk of severe illness from COVID-19." Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions, Centers For Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

("Gov't Opp'n") 1–2, ECF No. 37.)  Nonetheless, the Government argues that the § 3553(a) factors counsel against release.  (*See id.*)  The Court disagrees.

In making a sentencing determination, the Court must arrive at a sentence that is "sufficient, but not greater than necessary, to comply with the purpose of [sentencing]."  18 U.S.C. § 3553(a).  To do so, the Court is compelled to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) [the kinds of sentence and sentencing range provided for in the USSG] (5) any pertinent [Sentencing Commission policy statement] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

*Id*.  In considering these factors in the context of a motion for compassionate release, the Court must determine whether "compassionate release would undermine the goals of the original sentence."  *United States v. Sawicz*, 08-CR-287, 2020 WL 1815851, at *3 (E.D.N.Y. Apr. 10, 2020) (internal citation omitted).  Here, it would not.

Without consideration of the statutory mandatory minimum, Defendant's guidelines range was calculated to be 33–41 months.  (Presentence Investigation Report ("PSR") ¶ 61.)  At sentencing, the Court expressed the view that a guidelines sentence or below would be sufficient, but not greater than necessary, to comport with the aims sentencing.  (*See* July 20, 2018 Sentencing Tr. ("Tr.") 14:1–11.)  Indeed, the Court noted that a sentence of 60 months was in

---

conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity (last updated September 11, 2020).  Obesity is categorized as "extreme" or "severe" when an individual, like Defendant, has a BMI of 40 or higher.  Defining Adult Overweight and Obesity, Centers For Disease Control and Prevention, https://www.cdc.gov/obesity/adult/defining.html (last updated September 17, 2020).

fact greater than necessary in this case. (*Id*. 14:20–15:3.) The Court's view remains unchanged. Defendant has a minimal criminal history with only two prior convictions—one for driving under the influence and one for misdemeanor possession of marijuana. (PSR ¶¶ 25–26.) Defendant has significant familial and community ties as evidenced by the 20 letters received by the Court in support of Defendant at sentencing. (*See* Tr. 14:12–14.) Defendant's crime is a serious one, no doubt. However, it is a nonviolent one. Moreover, Defendant has already served approximately 23 months in custody—certainly long enough to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. And, in this Court's view, none of the remaining factors counsel against release. Defendant's motion is, therefore, GRANTED.

## CONCLUSION

Defendant's previously imposed sentence of 60 months' incarceration followed by 4 years' supervised release is reduced to time served followed by 4 years' supervised release, the first six months of which shall be served on home confinement with electronic location monitoring. All other aspects of Defendant's sentence remain unchanged, and Defendant shall abide by all the terms and conditions of supervised release previously imposed and memorialized in the July 31, 2018 Judgment. Defendant must notify the Probation Department for the Eastern District of New York immediately upon his arrival at his Residence, located at 13 Zwart Lane, Campbell Hall, New York 10916, and is directed to follow the instructions of the assigned probation officer. The Court directs the United States Attorney's Office for the Eastern District of New York to formally notify the BOP and the Probation Department of this decision so that this order can be put into effect as quickly as possible.

|  |  |
|---|---|
|  | SO ORDERED. |
| Dated: Brooklyn, New York<br>September 23, 2020 | /s/ LDH<br>LaSHANN DeARCY HALL<br>United States District Judge |